IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ERIN MOORE**                                                                                         **PLAINTIFF**

v.                                                           CIVIL ACTION NO.: 3:20-CV-464-CWR-LRA

**CLARKE COUNTY, MS; SHERIFF TODD KEMP,**
**individually and in his official capacity as a duly**
**commissioned Sheriff for Clarke County, MS;**
**CHIEF DEPUTY BARRY WHITE, individually and**
**in his official capacity as a duly commissioned**
**Deputy for Clarke County, MS; DEPUTY BEN IVEY,**
**individually and in his official capacity as a duly**
**commissioned Deputy for Clarke County, MS; and**
**JOHN DOES 1-4**                                                                                    **DEFENDANTS**

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant, Deputy Ben Ivy, in his individual capacity, by and through counsel, and in response to Plaintiff's Complaint would show as follows:

### FIRST DEFENSE

Answering Defendant specifically asserts and invokes all the privileges set forth in Fed. R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

### SECOND DEFENSE

Answering Defendant specifically asserts and invokes all the privileges set forth in the Mississippi Tort Claims Act ("MTCA"), *Miss. Code Ann*. § 11-46-1, *et seq* including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### THIRD DEFENSE

Answering Defendant denies that he is guilty of any actionable conduct.  Answering Defendant may not be sued separate and apart from Clarke County as an official capacity defendant

and respectfully seeks dismissal of all duplicate official capacity claims.

## FOURTH DEFENSE

Plaintiff's Complaint should be dismissed on the grounds of applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, Act of God, accord and satisfaction, failure to mitigate, lack of standing, and/or estoppel.

## FIFTH DEFENSE

Answering Defendant is entitled to qualified immunity in his individual capacity. More specifically, the Complaint fails to allege a violation of a clearly established constitutional right and, at all times, answering Defendant's conduct was objectively reasonable under the circumstances.

## SIXTH DEFENSE

Answering Defendant invokes *Heck v. Humphrey,* 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## SEVENTH DEFENSE

Answering Defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity including, but not limited to, judicial immunity, quasi-judicial immunity, and qualified immunity.

## EIGHTH DEFENSE

Answering Defendant alleges that he did not exceed the requirements of law and due care and that he is not guilty of acts or omissions which either caused or contributed to the incident in question.

**NINTH DEFENSE**

Answering Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**TENTH DEFENSE**

At all times, answering Defendant was acting within the course and scope of his employment and, therefore, cannot be held liable in his individual capacity under state law.

**ELEVENTH DEFENSE**

At all times, answering Defendant was acting within the course and scope of his employment and at all times material to the allegations of the Complaint, his individual actions were in good faith, without malice, and within the course and scope of his employment.

**TWELFTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann*. § 11-46-15 insofar as any state court claims are concerned. Further, Plaintiff is not entitled to punitive damages under *Miss. Code Ann*. §25-61-15. Answering Defendant invokes the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(I) The standard of conduct upon which punitive damages are sought is vague.

## THIRTEENTH DEFENSE

Plaintiff's Complaint fails to state facts against the Defendant which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## FOURTEENTH DEFENSE

Answering Defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

## FIFTEENTH DEFENSE

At all relevant times, Plaintiff was on notice which would cause any reasonable person to make further inquiry.

**SIXTEENTH DEFENSE**

To the extent applicable, Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

**SEVENTEENTH DEFENSE**

Answering Defendant reserves the right to assert any defenses that discovery may reveal are appropriate and incorporate herewith by reference any affirmative defenses invoked by any other defendant applicable to it.

**EIGHTEENTH DEFENSE**

Answering Defendant invokes the Doctrine of Unclean Hands of the Plaintiff. Plaintiff's false claims are motivated in whole or in part by Defendant Ivy taking a political position contrary to that of Plaintiff's local counsel and by his offering truthful testimony in unrelated narcotics trafficking matters defended by Plaintiff's local counsel. In February of 2020, Plaintiff's local counsel was scheduled to try a big drug case where Defendant Ben Ivy was the case agent. Suddenly, the notice of claim for this case (signed by Erin Moore's local counsel) was publicly disseminated.

**NINETEENTH DEFENSE**

And now, without waiving any defense heretofore or hereinafter set forth, answering Defendant responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

1. On information and belief, Plaintiff resides in Lauderdale County, Mississippi. The remaining allegations of Paragraph 1 of the Complaint are denied.

2. Sheriff Todd Kemp is the Sheriff of Clarke County, Mississippi. The remaining allegations of Paragraph 2 of the Complaint are denied.

3. Chief Deputy Barry White is the Chief Deputy of the Clarke County Sheriffs Department. The remaining allegations of Paragraph 3 of the Complaint are denied.

4. Defendant Deputy Ben Ivy is a certified law enforcement officer. Defendant Ivy took

       no relevant actions under color of law in this instance. The remaining allegations of Paragraph 4 of the Complaint are denied.

5. The allegations of Paragraph 5 of the Complaint require no answer and are denied.

6. The allegations of Paragraph 6 of the Complaint require no answer and are denied.

7. The allegations of Paragraph 7 of the Complaint are denied. Moreover, no federal question is presented on the face of the Complaint.

8. Defendant Ben Ivy made a traffic stop on a vehicle driven by Wesley Moore on July 23, 2019. Another agent with the Clarke Co SO processed the scene, did a field test for the substance found with a positive result for meth and placed Wesley under arrest at the Clark County Jail. At the time Wesley was in violation of his probation as a convicted felon. Erin Moore, wife of Wesley Moore, went to the jail several days after the arrest. At that time she approached Ben Ivy, gave him her number and inquired about doing CI (confidential informant) work to secure leniency with Wesley's charges. Ben and Erin's communications by phone and by text message did include sexually inappropriate matters. Erin's version of these communications is parsed, incomplete and calculated to cast Defendant Ivy in a false light. Erin's complaint alleges two sexual encounters. These are denied. Erin never completed the paperwork to become a CI. In early August, Erin attempted further contact which was documented and provided to the office of the Mississippi Attorney General. The matter was investigated with no findings of any criminal conduct by Defendant Ivy. The remaining allegations of Paragraph 8 of the Complaint are denied.

9. The allegations of Paragraph 9 of the Complaint are denied.

10. The allegations of Paragraph 10 of the Complaint are denied.

11. Disposition of Wesley's local charges had nothing to do with either Defendant Ivy or Erin. Mississippi Crime Lab forensic testing found that the substance was not meth. On information and belief, Wesley was transported back to Lauderdale County where he agreed to attend drug rehabilitation in Greenwood instead of revocation. Defendant Ivy had nothing to do with this either. The allegations of Paragraph 11 of the Complaint are denied.

12. The allegations of Paragraph 12 of the Complaint are denied. Defendant Ivy was investigated by the Mississippi Attorney General at the instance of the Clarke County Sheriff per protocol. Defendant Ivy was cleared of any criminal conduct. In February of 2020, Plaintiff's local counsel was scheduled to try a big drug case where Defendant Ben Ivy was the case agent. Suddenly, the notice of claim for this case (signed by Erin Moore's local counsel) was publically disseminated.

13. The allegations of Paragraph 13 of the Complaint require no answer by this Defendant. However, the timing and publication of these allegations (Signed by Erin's local counsel) are noted.

14. Defendant Ivy reaffirms his affirmative defenses and averments above.

15. The law enforcement actions here are an arrest of a non-party on probable cause and appropriate referral to an outside investigatory agency. There is no issue of custom and usage. The allegations of Paragraph 15 of the Complaint are denied.

16. Erin Moore, by and through her attorney, files claims under 42 U.S.C. §1983 premised upon violations of the 4th (no arrest), 5th (no federal actor), 8th (not incarcerated), 13th (not actionable as a private tort) and 14th (No Recognized Issue of Substantive Due Process) Amendments. These theories require someone acting

under color of law to violate a constitutional right causing injury. The allegations of Paragraph 16 of the Complaint are denied.

17. Defendant Ivy reaffirms his affirmative defenses and averments above.

18. Defendant Ivy reaffirms his affirmative defenses and averments above.

19. Defendant Ivy reaffirms his affirmative defenses and averments above.

20. The allegations of Paragraph 20 of the Complaint are admitted.

21. The Sheriff appropriately referred this matter to an outside investigative body, which in turn cleared Defendant Ivy. The allegations of Paragraph 21 of the Complaint are denied.

22. Defendant Ivy reaffirms his affirmative defenses and averments above.

23. The allegations of Paragraph 23 of the Complaint are denied.

24. As to Defendant Ivy, Erin Moore further alleges common law intentional torts of "Outrage" and Intentional Infliction of Emotional Distress. These allegations and claimed causes of action are denied.

25. The allegations of Paragraph 25 of the Complaint are denied.

26. Defendant Ivy reaffirms his affirmative defenses and averments above.

27. The allegations of Paragraph 27 of the Complaint are denied.

28. The allegations of Paragraph 28 of the Complaint are denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted his Affirmative Defenses, the Defendant prays that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(B) That this Court deny Plaintiff the relief prayed for in her prayer for relief, and that

Plaintiff be denied any relief whatsoever;

(C) That this Court award this Defendant his attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to Rule 11, *Federal Rules of Civil Procedure* and 42 U.S.C.§1988.

**RESPECTFULLY SUBMITTED** this the 24th day of August, 2020.

**JACKS | GRIFFITH | LUCIANO, P.A.**

By: /s/ ***Daniel J. Griffith***
Daniel J. Griffith, MS Bar No. 8366
Attorney for Defendant Ben Ivy

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: dgriffith@jlpalaw.com

**CERTIFICATE OF SERVICE**

I, Daniel J. Griffith, attorney of record for Defendant Ben Ivy, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following:

J. Stewart Parrish, Esq.
Email: stewart@jstewartparrish.com
**Attorney for Plaintiff**

Bobby Moak, Esq.
Email: bobbymoak402@att.net
**Attorney for Plaintiff**

William Robert Allen, Esq.
Allen, Allen, Breeland & Allen, PLLC
Email: will.allen@aabalegal.com
**Attorney for Clarke County, MS; Sheriff Todd Kemp,**

**Individually and in his Official Capacity as a duly commissioned Sheriff for Clarke County, MS; Chief Deputy Barry White, individually and in his official capacity as a duly commissioned Deputy for Clarke County, MS**

**DATED** this 24th day of August, 2020.

/s/ ***Daniel J. Griffith***
Daniel J. Griffith