THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPI
NORTHERN DIVSION

**ERIN MOORE**                                                                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 3:20-cv-464-CWR-LRA**

**CLARKE COUNTY, MS; SHERIFF TODD KEMP, individually
and in his official capacity as a duly commissioned Sheriff
for Clarke County, MS; CHIEF DEPUTY,
BARRY WHITE, individually and in his official capacity as
a duly commissioned Deputy for Clarke County, MS;
DEPUTY BEN IVEY, individually and in his official
capacity as a duly commissioned Deputy for Clarke, County, MS,
and JOHN DOES 1-4**                                                                              **DEFENDANTS**

## CLARKE COUNTY, MISSISSIPPI, SHERIFF TODD KEMP, AND
## CHIEF DEPUTY BARRY WHITE'S ANSWER TO PLAINTIFF'S COMPLAINT

Come now, Clarke County, Mississippi, Sheriff Todd Kemp ("Sheriff Kemp"), and Chief Deputy Barry White ("Deputy White"), by and through counsel, and respond to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Sheriff Kemp and Deputy White are entitled to qualified immunity in this matter. More specifically, Sheriff Kemp and Deputy White would affirmatively assert that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and, at all times, their conduct was objectively reasonable under the circumstances.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SIXTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

## COMPLAINT

## PARTIES

1. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 1 of Plaintiff's Complaint and, as such, deny the same.

2. Answering defendants admit that Todd Kemp is the Sheriff of Clarke County, Mississippi, and that he is a resident of the same. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3. Answering defendants admit that Barry White is the Chief Deputy Sheriff of Clarke County, Mississippi, and that he is a resident of the same. Answering defendants deny the remaining allegations of paragraph 3 of Plaintiff's Complaint.

4. The allegations of paragraph 4 of Plaintiff's Complaint concern a defendant other than answering defendants thus, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 4 of Plaintiff's Complaint.

5. The allegations of paragraph 5 of Plaintiff's Complaint concern a defendant other than answering defendants thus, a response is not necessary. To the

extent a response is deemed necessary, answering defendants deny the allegations of paragraph 5 of Plaintiff's Complaint.

6. Answering defendants deny the allegations of paragraph 6 of Plaintiff's Complaint.

## VENUE AND JURISDICTION

7. Without waiving any limitations, restrictions, or immunities, answering defendants admit that venue and jurisdiction are proper in this Court as Plaintiff alleges federal claims. Answering defendants deny the remaining allegations of paragraph 7 of Plaintiff's Complaint.

## FACTS

8. Answering defendants deny the allegations of paragraph 8 of Plaintiff's Complaint.

9. Answering defendants deny the allegations of paragraph 9 of Plaintiff's Complaint.

10. Answering defendants deny the allegations of paragraph 10 of Plaintiff's Complaint.

11. Answering defendants deny the allegations of paragraph 11 of Plaintiff's Complaint.

12. Answering defendants deny the allegations of paragraph 12 of Plaintiff's Complaint, as stated.

## MISSISSIPPI TORT CLAIMS ACT

13. Answering defendants admit that the MTCA applies to this case. Answering defendants deny the remaining allegations of paragraph 13 of Plaintiff's Complaint.

## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. §1983)

14. Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1-13 hereinabove as if the same were specifically set out herein.

15. Answering defendants deny the allegations of paragraph 15 of Plaintiff's Complaint.

16. Answering defendants deny the allegations of paragraph 16 of Plaintiff's Complaint.

## COUNTS I, II, and III — NEGLIGENCE/MALICE/CONSPIRACY, EXTORTION

17. Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1-16 hereinabove as if the same were specifically set out herein.

## COUNT IV — FAILURE TO ADEQUATELY TRAIN & SUPERVISE POLICE OFFICERS

18. Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1-18 hereinabove as if the same were specifically set out herein.

### COUNT V – NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

19. Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1-18 hereinabove as if the same were specifically set out herein.

20. Answering defendants deny the allegations of paragraph 20 of Plaintiff's Complaint.

21. Answering defendants deny the allegations of paragraph 21 of Plaintiff's Complaint.

### CIVIL CONSPIRACY

22. Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1-21 hereinabove as if the same were specifically set out herein.

23. Answering defendants deny the allegations of paragraph 23 of Plaintiff's Complaint.

### THE COMMON LAW TORT OF OUTRAGE

24. Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1-23 hereinabove as if the same were specifically set out herein.

25. Answering defendants deny the allegations of paragraph 25 of Plaintiff's Complaint.

## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26.     Answering defendants repeat and incorporate by reference each and every defense, admission, objection, and denial to paragraphs 1-25 hereinabove as if the same were specifically set out herein.

27.     Answering defendants deny the allegations of paragraph 27 of Plaintiff's Complaint.

28.     Answering defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

## PLAINTIFF'S REQUEST FOR JURY TRIAL

As for the unnumbered paragraph which begins "Plaintiff prays a trial by jury," defendants deny the allegations of this paragraph as written. Defendants would further aver that Plaintiff is not entitled to a trial by jury under the Mississippi Tort Claims Act ("MTCA"). *See* Miss. Code Ann. § 11-46-13(1).

### PRAYER FOR RELIEF

As for the first unnumbered paragraph which begins "WHEREFORE, PREMISES CONSIDERED," answering defendants deny each and every allegation of said paragraph, including subparagraphs (a)-(k). Answering defendants would further affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

As for the second unnumbered paragraph which begins "WHEREFORE, PREMISES CONSIDERED," answering defendants deny each and every allegation of said paragraph including subparagraphs (I)-(IV). Answering defendants would further affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

**EIGHTH DEFENSE**

Answering defendants deny each and every allegation contained in Plaintiff's Compliant that is not specifically admitted.

**NINTH DEFENSE**

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

**TENTH DEFENSE**

Answering defendants allege that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

**ELEVENTH DEFENSE**

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**TWELFTH DEFENSE**

At all times, Sheriff Kemp and Deputy White were acting within the scope and course of their employment as law enforcement officers and, therefore, cannot be held liable in their individual capacities insofar as any state court claims are concerned.

**THIRTEENTH DEFENSE**

Sheriff Kemp and Deputy White were at all times acting in the official scope of their duties as law enforcement officers of Clarke County, Mississippi, and at all times

material to the allegations of the Complaint their actions were in good faith, without malice, and within the scope and course of their employment.

## FOURTEENTH DEFENSE

To the extent applicable, answering defendants would assert Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## FIFTEENTH DEFENSE

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendant for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## SIXTEENTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## SEVENTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against them, answering defendants request that the same be dismissed, and they be discharged with costs assessed against the Plaintiff.

**DATE:** **September 1, 2020.**

        **Respectfully submitted,**

        **CLARKE COUNTY, MISSISSIPPI, SHERIFF TODD KEMP, AND CHIEF DEPUTY BARRY WHITE**

        BY:    /s/*William R. Allen*
                   One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB#105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court using the ECF system which gave notification of the same to the following:

>J. Stewart Parrish, Esq.
>Post Office Box 823
>Meridian, MS 39302
>stewart@jstewartparrish.com
>
>Bobby Moak, Esq.
>P.O. Box 242
>Bogue Chitto, MS 39629
>Bobbymoak402@att.net
>   *Attorneys for Plaintiff*
>
>Daniel J. Griffith, Esq.
>Jacks Griffith Luciano, PA
>P.O. Box 1209
>Cleveland, MS 38732-1209
>dgriffith@jlpalaw.com
>   *Attorney for Deputy Ben Ivy*

This, the 1st day of September, 2020.

/s/*William R. Allen*
OF COUNSEL